FILED
2014 Jul-25  AM 10:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **AARON OLIVER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **AMSHER COLLECTION** | ) | |
| **SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

2. Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

Defendant's specific conduct with Plaintiff in Alabama.   All the actions described in this suit occurred in Alabama.

3.   Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331).

## VENUE

4.   Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendant does business in this judicial district.

## PARTIES

5.   Plaintiff  Aaron Oliver (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.   Defendant AmSher Collection Services, Inc., ("Defendant" or "AmSher[2]") is a domestic debt collection business that engages in the business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.

---

[2] "Defendant" means AmSher directly or through its debt collectors, employees and agents who credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

7.      Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

8.      Congress recognized that there are four social ills caused by abusive debt collection:   (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

9.      Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

10.     The following "Congressional findings and declaration of purpose" has not been withdrawn, curtailed, or questioned by Congress or any agency with regulatory power over the FDCPA.

11.     15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

    (a)   There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

    (b)   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    (c)   **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

    (d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and

instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)   It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## FACTS

12.   AmSher is a "debt collector" under the FDCPA as it began collecting on the alleged debt when the debt was allegedly in default and AmSher is in the business of collecting the debts owed to other companies.

13.   The debt is a consumer debt used for personal or household purposes.

14.   Plaintiff is a consumer.

15.   Plaintiff does not owe AmSher any money on this debt.

16.   Alternatively, even if Plaintiff does owe AmSher any money, it is not the amount claimed.

17.   On May 29, 2014 Plaintiff sent a letter to AmSher disputing the debt at issue.

18.   On May 30, 2014, AmSher received the dispute letter on the debt.

19.   Prior to receiving the dispute letter, AmSher last updated Plaintiff's credit report from Equifax in February 2011.

20.    After receiving the dispute letter, AmSher updated Plaintiff's credit report from Equifax in June 2014.

21.    Despite the receipt of the dispute letter by AmSher on May 30, 2014, AmSher refused to update Plaintiff's credit report from Equifax to show the account as being "disputed" by Plaintiff.

22.    The FDCPA, in Section 1692e prohibits the use of "any false, deceptive, or misleading representations or means in connection with the collection of any debt."   It then goes on to give examples but states "Without limiting the general application of the foregoing, the following conduct is a violation of this section."

23.    Defendant AmSher violated 1692e in collecting a debt not owed (in part or whole) by false credit reporting and by the other actions described in this Complaint.

24.    Section 1692e(2) prohibits "The false representation of the character, amount, or legal status of any debt."

25.    Plaintiff either owes no money to AmSher or, alternatively, even if Plaintiff does owe AmSher any money, it is not the amount claimed.

26.    AmSher violated Section 1692e(2) by collecting on a debt that is not owed and/or by falsely representing the character, amount or legal status of the

debt, including the false credit reporting and the failure to mark the account as disputed.

27. Section 1692e(8) states "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, **including the failure to communicate that a disputed debt is disputed.**" [Emphasis added].

28. AmSher violated the FDCPA Section 1692e(8) by refusing to mark the account as disputed and by falsely reporting the balance owed.

29. One reason AmSher refuses to mark accounts as "disputed" is that a "disputed" account is less damaging to Plaintiff's credit report so AmSher wants the extra pressure to force Plaintiff to pay.

30. Section 1692e(10) makes it illegal for AmSher to use "[A]ny false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

31. AmSher violated Section 1692e(10) in collecting this debt that is not owed (in part or in whole) and by failing to mark the credit report as being disputed as well as reporting the balance owed.

32. The FDCPA allows for recovery of statutory damages, actual (compensatory) damages (which include mental anguish or emotional distress) attorney fees, and costs.

33.     Plaintiff has suffered and will continue to suffer damages directly related to the violations of the FDCPA, including damage to Plaintiff's credit worthiness, monetary loss, and emotional distress and/or mental anguish.

34.     Plaintiff claims all damages which are recoverable.

35.     As a result of AmSher's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from AmSher.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Section 1692e states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

38.     Defendant AmSher violated Section 1692e by collecting this debt as alleged in this Complaint.

39.    As a result of Defendant AmSher's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant AmSher.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

40.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.    Section 1692e(2) states the following is a violation of the FDCPA:  "The false representation of the character, amount, or legal status of any debt;"

42.    Defendant AmSher violated Section 1692e(2) by collecting this debt as alleged in this Complaint.

43.    As a result of Defendant AmSher's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant AmSher.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

44.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.  Section 1692e(8) states the following is a violation of the FDCPA: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

46.  Defendant AmSher violated Section 1692e(8) by collecting this debt as alleged in this Complaint.

47.  As a result of Defendant AmSher's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant AmSher.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

48.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.  Section 1692e(10) states the following is a violation of the FDCPA: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

50.  Defendant AmSher violated Section 1692e(10) by collecting this debt as alleged in this Complaint.

51.  As a result of Defendant AmSher's violations of the FDCPA, Plaintiff is

entitled to actual damages; statutory damages; and reasonable attorney's

fees, expenses and costs from Defendant AmSher.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment

be entered against all Defendants for all damages allowable (including statutory,

actual, compensatory, and nominal) costs, expenses, fees, and for such other and

further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**

10

**Serve defendant via certified mail at the following address:**

AmSher Collection Services, Inc.
600 Beacon Parkway West
Suite 300
Birmingham, Alabama 35209